# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:99cr83 |
| | § | (Judge Schell) |
| ROBERT ANTHONY CARNIERO | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 22, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Miriam Rea.

On March 2, 2000, Defendant was sentenced by the Honorable Richard A. Schell to one hundred and ten (110) months' imprisonment followed by a three (3) year term of supervised release for Possession with the Intent to Distribute or Dispense Methamphetamine (two counts) and Using or Carrying a Firearm During a Drug Trafficking Crime. On December 13, 2007, Defendant completed his period of imprisonment and began service of his supervised term.

On June 24, 2010, the U.S. Pretrial Services Officer filed a Petition for Summons for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: the defendant shall not commit another federal, state or local crime.

The petition alleges that Defendant committed the following acts: (1) Defendant was arrested by the Waterbury Connecticut Police Department on December 12, 2008, for the offenses of Breach of Peace, Assault, and Burglary of a Residence. On February 10, 2010, in Waterbury Court G.A.#4, the Defendant pleaded guilty to the offenses of Breach of Peace, a Class B misdemeanor, and

Criminal Trespass, a Class A misdemeanor. Defendant was sentenced to six months jail, execution suspended, conditional discharge two years, for the Breach of Peace offense, and one year jail, execution suspended, conditional discharge two years, for the Criminal Trespass offense.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the special condition violations. The Court recommends that Defendant's supervised release be modified.

### **RECOMMENDATION**

The Court recommends that the District Judge modify Defendant's supervised release. Defendant's supervised release should be modified as follows: (1) Defendant shall be placed on home detention for a period not to exceed 120 days, to commence immediately. During this time, Defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. Defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "Call Waiting," or portable cordless telephones for the 120-day period; (2) At the direction of the probation officer, Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant shall pay the cost associated with his program of electronic monitoring; and (3) Defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

After the Court announced the recommended modification, parties waived the fourteen-day period for objections.

**SIGNED this 22nd day of July, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE